
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50160 | **DATE** | 2/22/2002 |
| **CASE TITLE** | Davis vs. Eykamp, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' motion for summary judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion for summary judgment is granted. This case is dismissed in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | number of notices | Document Number |
| X | Notices mailed by judge's staff. | FEB 25 2002 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| X | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. ✓ | 2-25-02 date mailed notice | |
| /LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

02 FEB 25 PM 3:42
U.S. DISTRICT COURT CLERK
FILED-WD

# MEMORANDUM OPINION AND ORDER

Plaintiff, Jeffery Davis, has filed a three-count second-amended complaint against defendants, Cindy Eykamp and Gary E. Poci. Davis alleges defendants retaliated against him for exercising his First Amendment right to file a grievance as an inmate at Dixon Correctional Center ("Dixon"), in violation of 42 U.S.C. § 1983. Jurisdiction and venue are proper under 28 U.S.C. §§ 1331, 1391. Before the court is defendants' motion for summary judgment, filed pursuant to Federal Rule of Civil Procedure 56.

On September 2, 1998, Davis filed a grievance against Eykamp, the Correctional Food Supervisor at Dixon, for reassigning him from his job as an apprentice cook in the Dixon health care unit to a similar position in another (and, in Davis' view, less desirable) part of the facility. In his grievance, Davis requested to be reassigned as a production cook. A few months later, in November 1998, Thomas Roth, the warden at Dixon, approved Davis' request and Davis was then reassigned to work in the dietary department as a dietary cook, where he made $150 per month. Warden Roth subsequently left Dixon on August 28, 1999. Approximately ten days later, on September 8, 1999, Eykamp requested Davis be reassigned out of the dietary department. Poci, who was the job assignment officer at Dixon at the time, assigned Davis to a janitorial position, where he made $15 per month.

As for Poci, there is absolutely no evidence from which a reasonable jury could infer he retaliated against Davis. First, Davis filed his grievance solely against Eykamp and admits he never filed a grievance against Poci. Second, there is nothing to suggest Poci knew Davis had filed a grievance against Eykamp and was in some way conspiring with Eykamp to retaliate against Davis for filing that grievance. Third, the record before the court shows Poci's duties as the job assignment officer were purely ministerial and clerical. He simply processed reassignment requests as they came in, and was not aware of the reasons behind them. Finally, Davis himself admitted during his deposition that Poci had no reason to retaliate against him. (Def. Exh. 7, Davis dep., pp. 38-39) Thus, the court finds no basis to hold Poci liable for any supposed retaliation.

The same is also true of Eykamp, though for somewhat different reasons. As the court noted in a previous order in this case, one plausible inference from the above chronology of events is that, despite a span of nearly one full year between Davis' grievance and Eykamp's reassignment of Davis out of the dietary department, Eykamp's first chance to retaliate against Davis was when Warden Roth left Dixon on August 28, 1999. Indeed, when viewed in his favor, some of the evidence introduced in defendants' motion for summary judgment, such as the deposition testimony of other inmates and Davis himself, supports the idea that a retaliatory motive may have played a role in Eykamp's decision to reassign Davis the second time. The problem for Davis is that merely showing Eykamp's desire to retaliate "played a substantial part" in reassigning him is not enough; instead, "the ultimate question is whether events would have transpired differently absent the retaliatory motive." Babcock v. White, 102 F.3d 267, 275 (7th Cir. 1996); see also Crawford-El v. Britton, 523 U.S. 574, 593 (1998). Based on the record before the court, the answer to that question in this case is "No."

On August 29, 1999, Gerald Peterson, a Food Services Supervisor at Dixon, noticed a pan of oil had been placed inside a convection oven. Some of the oil apparently spilled over and caused a small fire. While Davis claims Peterson "blamed" him for the incident, Peterson testified in his deposition that Davis admitted to placing the pan in the oven. In any event, there is no doubt Peterson believed Davis was responsible for the incident and wrote a note in Davis' "tracking report" to that effect. According to Eykamp, it was when she learned of what happened on August 29 that she decided to reassign Davis. In response, Davis offers little, if any, competent evidence to rebut this explanation. Pointing out that Peterson testified the incident on August 29 was not serious enough to damage the oven or require a disciplinary report, and that there was no intent to cause harm, Davis concludes the "more probable evidence is that the incident on August 29, 1999, was a ruse or strategy" to retaliate against Davis. The evidence suggests nothing of the kind. Just because the culprit (whoever he was) did not intend to harm anyone and the incident was not serious enough to damage the oven or prompt a formal disciplinary report does not mean it was not serious enough to warrant a reassignment. More to the point, Davis has not put forward any evidence to show Eykamp did not honestly believe that the incident in fact occurred, that Davis was responsible for it, that the incident posed a safety threat to other inmates and prison personnel, or that the incident, along with other entries in Davis' tracking report indicating various supervisors had criticized Davis for his poor work performance over the previous five months, justified transferring Davis out of the dietary department. In other words, Davis has failed to create a genuine factual dispute over whether Eykamp would have reassigned him regardless of any retaliatory motive on her part.

For the reasons stated above, defendants' motion for summary judgment is granted. This case is dismissed in its entirety.